# In the United States Court of Federal Claims

No. 20-1082C

(Filed Under Seal: November 6, 2020)
(Reissued: November 13, 2020)

|  |  |
|---|---|
| **UTECH PRODUCTS d/b/a ENDOSOFT, LLC,** ) ) ) | Motion for bid preparation and proposal costs and attorneys' fees; cancelled solicitation; no judicial imprimatur; |
| Plaintiff, ) ) | dismissal of protest as moot |
| v. ) ) | |
| **UNITED STATES,** ) ) | |
| Defendant. ) ) | |

Alan Grayson, Esq., Windmere, Florida, for plaintiff.

Sonia M. Orfield, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Ethan P. Davis, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., and Tyler W. Brown, Attorney, District Contract Law National Practice Group, Office of General Counsel, Department of Veterans Affairs, Washington, D.C.

## OPINION AND ORDER[1]

LETTOW, Senior Judge.

In this aborted bid protest, the parties dispute whether an award of bid preparation and proposal costs and attorneys' fees and expenses is appropriate. Some months ago, plaintiff Utech Products d/b/a EndoSoft, LLC ("EndoSoft") prevailed in its challenge to the United States Department of Veterans Affairs' ("VA") award of a sole-source contract for a gastrointestinal electronic medical record software system to be applied and used at VA Health Administration hospitals in a VA Region. *See Utech Prods. v. United States*, 148 Fed. Cl. 542 (2020). On May 28, 2020, this court enjoined VA from implementing a contract VA had awarded to ProVation Medical, Inc. ("ProVation"), and ordered that it be set aside. *See id.* at 552. On August 19, 2020, however, VA issued Solicitation No. 36C24620Q0866, which referenced ProVation as the awardee of the contract at issue in the prior case. *See* ECF No. 1-1 at 1, 16 (the "Solicitation").

---

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide proposed redactions of any confidential or proprietary information. No redactions were requested.

After EndoSoft filed its pre-award protest complaint on August 27, 2020, VA cancelled the Solicitation that same day. *See* Decl. of Alan Grayson ("Grayson Decl.") ¶¶ 7-8, ECF No. 19. EndoSoft now seeks bid preparation and proposal costs as well as attorneys' fees related to its renewed, and effectively successful, protest. *See* Pl.'s Mot. for Monetary Relief, ECF No. 15 ("Pl.'s Mot.").

## BACKGROUND

In September 2016, EndoSoft entered into a subcontract with Four Points Technology to provide a gastrointestinal electronic medical record ("GI EMR") software system for VA Health Administration Region 6. *See Utech Products*, 148 Fed. Cl. at 544. On August 8, 2019, after experiencing technical issues with EndoSoft's software, VA posted on the federal business opportunities website a notice of its intent to issue a sole-source contract for a gastrointestinal electronic medical record software system to ProVation. *See id.* at 544-46. The next day, EndoSoft sent an email to VA, protesting the award of the contract and noting that it could meet all of the requirements stated in the notice. *See id.* at 546. VA informed EndoSoft on August 22, 2019 that its protest had been rejected. *See id.* EndoSoft filed a pre-award protest and then a post-award protest with the Government Accountability Office, both of which were denied. *See id.* at 547.

EndoSoft proceeded to file suit in this court on March 20, 2020. *Utech Products*, 148 Fed. Cl. at 547. After the parties moved for judgment on the administrative record, the court concluded that "VA's decision to disregard the requirements of competitive procurement by making a sole-source award to ProVation 'involved a violation of a statute, regulation, or procedure.'" *Id.* at 549, 551 (citing *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1086 (Fed. Cir. 2001)). The court enjoined VA from implementing the contract with ProVation and ordered that it be set aside. *Id.* at 552.

On August 19, 2020, VA issued Solicitation No. 36C24620Q0866, which stated that "[t]he Pro[V]ation Medical GI EMR replacement system" was to be used at certain VA locations. Solicitation at 1, 16. EndoSoft began preparing a bid proposal upon learning of the new solicitation. *See* Pls.' Mot., Decl. of Abhishek Bajaj ("Bajaj Decl."), ECF No. 15-1. On August 24, 2020, counsel for EndoSoft submitted a pre-filing notice of EndoSoft's intent to pursue a bid protest. *See* Grayson Decl. ¶ 4. On August 25, 2020, counsel for VA informed counsel for EndoSoft that VA would be canceling the solicitation. *See id.* ¶ 5; Notice of Filing, Ex. C, ECF No. 19-3. The next day, however, counsel for VA reversed course and stated that the Solicitation would not be canceled but merely postponed from August 28, 2020 to August 31, 2020. Grayson Decl. ¶ 6. EndoSoft filed its complaint on August 27, 2020, at 12:05 p.m. *Id.* ¶ 7. Two hours later, VA canceled the Solicitation. *Id.* ¶ 8.

On September 9, 2020, EndoSoft filed a motion for attorneys' fees and bid preparation and proposal costs related to the Solicitation. *See* Pl.'s Mot. After briefing, *see* Def.'s Resp. to Pl.'s Mot., ECF No. 16; Pl.'s Reply to Def.'s Resp., ECF No. 18, the court held a hearing on October 2, 2020. The motion is ready for disposition.

# STANDARDS FOR DECISION

*A. Criteria for Recovering Bid Preparation and Proposal Costs*

Under the Tucker Act, as amended by the Administrative Dispute Resolution Act of 1996, Pub. L. No. 104–320, § 12, 110 Stat. 3870, 3874, in bid protest cases, bid preparation and proposal costs are the only form of monetary relief that this court is empowered to award. 28 U.S.C. § 1491(b)(2). Those costs are defined by regulation as "costs incurred in preparing, submitting, and supporting bids and proposals (whether or not solicited) on potential [g]overnment or non-[g]overnment contracts." 48 C.F.R. § 31.205–18(a).

Compensable bid costs include "those in the nature of researching specifications, reviewing bid forms, examining cost factors, and preparing draft and actual bids." *Geo–Seis Helicopters, Inc. v. United States*, 79 Fed. Cl. 74, 80 (2007) (citing *Lion Raisins, Inc. v. United States*, 52 Fed. Cl. 629, 631 (2002) ("*Lion Raisins I*")). "Such costs are recoverable only if three conditions are satisfied: (i) the agency has committed a prejudicial error in conducting the procurement; (ii) that error caused the protester to incur unnecessarily bid preparation and proposal costs; and (iii) the costs to be recovered are both reasonable and allocable, *i.e.*, incurred specifically for the contract in question." *Reema Consulting Servs., Inc. v. United States*, 107 Fed. Cl. 519, 532 (2012) (footnote omitted). "Bid costs are unnecessarily incurred when the agency commits an error in the procurement process that prejudices the disappointed bidder." *Q Integrated Cos., LLC v. United States*, 133 Fed. Cl. 479, 485 (2017) (citing *Reema Consulting Servs.*, 107 Fed. Cl. at 533). The plaintiff bears the burden of proving that it is entitled to recover its costs. *Geo–Seis*, 79 Fed. Cl. at 80 (citing *Lion Raisins I*, 52 Fed. Cl. at 631).

*B. Criteria for Recovery Attorneys' Fees Under the Equal Access to Justice Act*

The Equal Access to Justice Act ("EAJA") provides that attorneys' fees and expenses may be awarded to a qualifying "prevailing party:"

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). "The EAJA is a fee-shifting statute that allows a party who prevails in a civil action brought by or against the government to recover attorney fees and costs." *Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018); *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) (same).

Eligibility for an award of attorneys' fees under EAJA requires that: (1) the claimant be a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no "special circumstances make an award unjust;" (4) any fee application be submitted to the court

within 30 days of final judgment in the action and be supported by an itemized statement; and (5) if the qualifying party is a corporation or other organization, it must have had less than or equal to $7,000,000 in net worth or 500 employees at the initiation of the litigation.  28 U.S.C. § 2412(d); *see also Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990); *Hyperion, Inc. v. United States*, 118 Fed. Cl. 540, 544 (2014); *KWV, Inc. v. United States*, 113 Fed. Cl. 534, 537 (2013).  The plaintiff bears the burden of demonstrating that it meets these requirements to recover under the EAJA, "except that the government has the burden of proof respecting the second criterion, *i.e.*, establishing that its position was reasonably justified."  *Q Integrated Cos.,* 133 Fed. Cl. at 488 (citing *White v. Nicholson*, 412 F.3d 1314, 1316 (Fed. Cir. 2005); *Hillensbeck v. United States*, 74 Fed. Cl. 477, 479–80 (2006), *appeal dismissed*, 226 Fed. Appx. 998 (Fed. Cir. 2007); *Al Ghanim Combined Grp. Co. Gen. Trad. & Cont. W.L.L. v. United States*, 67 Fed. Cl. 494, 496 (2005)).

To show that it is a "prevailing party" in a civil action for recovery under EAJA, the plaintiff must demonstrate that it has received "at least some relief on the merits of [the] claim." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).  The government, in establishing that its position was "substantially justified," must show that its position was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988).  "[S]ubstantially justified means there is a dispute over which 'reasonable minds could differ.'"  *Norris v. Securities & Exch. Comm'n*, 695 F.3d 1261, 1265 (Fed. Cir. 2012) (quoting *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)).  "The substantial justification standard requires less than winning the case and more than being 'merely undeserving of sanctions for frivolousness.'"  *Q Integrated Cos.*, 133 Fed. Cl. at 489-90 (quoting *Pierce*, 487 U.S. at 566).

## ANALYSIS

### A.  Bid Preparation and Proposal Costs under the Tucker Act

EndoSoft asserts that it is entitled to bid preparation and proposal costs, "notwithstanding cancel[l]ation of the Solicitation."  Pl.'s Mot. at 5 (citing *Pacificorp Cap., Inc. v. United States*, 852 F.2d 549, 550 (Fed. Cir. 1988)).  The government counters that the withdrawal of the solicitation precludes the award of such costs.  Def.'s Resp. at 3-4.

The Tucker Act grants this court the authority to award bid preparation and proposal costs in bid protests, 28 U.S.C. § 1491(b)(2), but this power is limited by the status of the solicitation or contract at issue.  "[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot."  *Coastal Env't Grp., Inc. v. United States*, 114 Fed. Cl. 124, 131 (2013).  "[A] decision on the merits of the award must be made prior to the award of bid preparation and proposal costs.  Without analysis of the merits of the award, the court lacks a basis to grant further relief."  *CCL Serv. Corp. v. United States*, 43 Fed. Cl. 680, 690 (1999).  When "the government has cancelled its solicitation[] for the bid[] . . . and [when], therefore, making a decision on the merits of the award is no longer possible, the [c]ourt has no power to decide whether [the p]laintiff is entitled to bid preparation

and proposal costs and finds that those claims for relief are also moot." *Lion Raisins, Inc. v. United States*, 69 Fed. Cl. 32, 36 (2005) ("*Lion Raisins II*").

Here, there is no judicial imprimatur to award EndoSoft bid preparation and proposal costs, as VA cancelled the Solicitation the same day that EndoSoft filed its complaint. *See* Grayson Decl. ¶ 7. To be sure, it is quite evident that VA employed unduly restrictive terms in the Solicitation prior to its cancellation. *Cf. Savantage Fin. Servs., Inc. v. United States*, ___ Fed. Cl.____, ___, 2020 WL 6268641, at *13 (Fed. Cl. 2020) (identifying the salient issue as whether the government had "intentionally developed requirements in [its solicitation] knowing that [the plaintiff could not] meet them"); *see also id*. at ___, 2020 WL 6268641 at *16 ("Agencies are required to deelop specifications in the manner necessary to obtain full and open competition with due regard to the nature of the property or service to be required.") (quoting 41 U.S.C. § 3306 (a)(1)(C))). Even so, the status of the solicitation is the controlling factor in determining the court's power to grant EndoSoft's requested relief. *See Lion Raisins II*, 69 Fed. Cl. at 36.

EndoSoft relies on two prior precedents in arguing that it is nevertheless entitled to bid preparation and proposal costs. It cites *Pacificorp Capital*, 852 F.2d at 550 for the notion that "[a] request for bid preparation and proposal costs presents a 'live controversy,' notwithstanding cance[l]lation of the Solicitation." Pl.'s Mot. at 5. *Pacificorp Capital* is distinguishable, however, as that case addressed whether bid preparation and proposal costs could be awarded "[r]egardless of whether the procurement *has already been completed*," not whether such costs could be awarded upon the cancellation of a solicitation. *Pacificorp Capital*, 852 F.2d at 550 (emphasis added). In addition, *L-3 Commc'ns Integrated Sys*., *L.P. v. United States*, 94 Fed. Cl. 394 (2010), which EndoSoft cited in its Reply brief, is similarly inapposite. There, the court clarified that it was addressing whether it had jurisdiction over disputes regarding "implied-in-fact or express procurement contracts." *L-3 Communications*, 94 Fed. Cl. at 397. Here, even though the Solicitation would have led to a procurement contract if it had been completed, the facts of this case present a different scenario than the one addressed in *L-3 Communications*, namely the court's power to award bid preparation and proposal costs for a cancelled solicitation.

In the absence of a decision on the merits, this court lacks the judicial imprimatur to award bid preparation and proposal costs. The cancellation of the solicitation thus precludes EndoSoft from obtaining the monetary relief it requests under the Tucker Act.

### B. Attorneys' Fees under EAJA

EndoSoft has also moved to recover attorneys' fees under EAJA, 28 U.S.C. § 2412(b). It asserts that attorneys' fees are warranted because it is the "prevailing party" as defined under the statute, and "the [g]overnment has acted in bad faith here." Pl.'s Mot at 8. The government disputes that EndoSoft has prevailed in the underlying action, given that it did not obtain a judgment in this matter. Def.'s Resp. at 9-12.

The issue of judicial imprimatur resurfaces for granting attorneys' fees in the absence of an award for bid preparation and proposal costs. "[I]f a bid protestor . . . obtained no monetary relief for bid preparation and proposal costs, after . . . being denied injunctive relief because its

5

claims for injunctive relief were moot, there is binding precedent which holds that such a plaintiff would not be a prevailing party entitled to recover any attorney fees." *Innovation Dev. Enters. of Am., Inc. v. United States*, 114 Fed. Cl. 213, 226 (2014) (citing *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"); *Singer v. Office of Senate Sergeant at Arms*, 173 F.3d 837, 841 (Fed. Cir. 1999) (same)).

The court's lack of authority to award bid preparation and proposal costs in these circumstances thus determines its ability to award attorneys' fees to EndoSoft under EAJA. Without a decision on the merits, and consequently without the authority to award bid preparation and proposal costs, *see Lion Raisins II*, 69 Fed. Cl. at 36, the court cannot deem EndoSoft a "prevailing party" under the EAJA. *See Innovation Dev. Enters. of Am.*, 114 Fed. Cl. at 226. Moreover, VA's cancellation of the Solicitation, while beneficial to EndoSoft, does not render EndoSoft a "prevailing party." Here, VA cancelled the Solicitation within hours of EndoSoft's filing the complaint. *See* Grayson Decl. ¶ 8. EndoSoft requested such cancellation in its complaint, along with bid preparation and proposal costs. Compl. ¶ 5. Nonetheless, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur*" to confer "prevailing party" status for awarding attorneys' fees. *Buckhannon Bd. & Care Home*, 532 U.S. at 605 (emphasis in original). Absent the award of injunctive relief or bid preparation and proposal costs, EndoSoft "cannot demonstrate that any direct action has been taken or monetary relief awarded" by the court, a necessary factor for establishing that a party has prevailed in the underlying action. *A Squared Joint Venture v. United States*, 149 Fed. Cl. 228, 235 (2020). Even though EndoSoft sought and obtained VA's cancellation of the solicitation, the lack of judicial involvement in the cancellation precludes an award of attorneys' fees.

## CONCLUSION

For reasons set forth above, EndoSoft's motion for attorneys' fees and bid preparation and proposal costs is DENIED. In other respects, given the cancellation of the Solicitation, EndoSoft's protest is DISMISSED as moot.

The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge